Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Stephen G. Recordon (SBN: 91401)
sgrecordon@aol.com
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA 92101
Telephone:  (619) 232-1717
Facsimile:   (619) 232-5325

*Attorneys for Plaintiff,*
Clinton Rooney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON ROONEY,<br><br>                    Plaintiff,<br>V.<br><br>RITE AID CORPORATION,<br><br>                    Defendant. | Case No: **'14CV1249 JAH  NLS**<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. Clinton Rooney ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Rite Aid Corporation ("Rite Aid" or "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that: [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

HYDE & SWIGART
San Diego, California

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* At §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(2) because the harm to Plaintiff occurred in this judicial district, as Plaintiff received the text message(s) at issue while in the County of San Diego, and Defendant is subject to personal jurisdiction in the County of San Diego, State of California because it conducts business here.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in the State of Delaware. Defendant is, and at all times mentioned herein was, a Delaware corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

9. Defendant provides retail services to hundreds of thousands of consumers. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

10. Plaintiff is, and at all times mentioned herein was, a "person" as that term is used throughout 47 U.S.C. § 227 et seq.

//

11. Defendant is, and at all times mentioned herein was, a Delaware corporation and a "person," as that term is used throughout 47 U.S.C. § 227 et seq.

12. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13. At no time did Plaintiff provide Plaintiff's cellular phone number to Defendant through any medium.

14. On or about February 24, 2013, at approximately 9:26 A.M. (PST), Defendant, Rite Aid, sent an unsolicited impersonal and form SPAM text message to Plaintiff.  This text message read:

> "Rite Aid Rx Alerts: to subscribe reply YES.  Max 30mgs/mo. www.riteaid.com/contact_us/ for info. Txt HELP for Help, STOP to stop.   Msg&Data rates may apply. [hereinafter "SPAM"].

15. Plaintiff was unaware that Rite Aid would send him the unsolicited SPAM text message described in paragraph 14.

16. Through this conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1)(A) and prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff did not provide Defendant or its agent prior express consent to receive calls from Rite Aid, including unsolicited calls, to his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. The telephone call by Defendant, or its agent, described in Paragraph 14 of this Complaint, violated 47 U.S.C. § 227(b)(1)(A)(iii).

22. On February 26, 2013, at 9:06 A.M., Plaintiff requested that Rite Aid cease sending Plaintiff SPAM text messages, by replying to the above SPAM text, and sending the word "STOP."

23. On February 26, 2013, also at 9:06 A.M., Rite Aid sent Plaintiff the following unsolicited and impersonal form text message:

> "You are unsubscribed from RiteAid Prescription alerts.  Visit www.riteaid.com/contact_us to rejoin."

24. Through this conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1)(A) and prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

25. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227)b)(1)(A)(iii).

27. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. On February 28, 2013, at 9:52 A.M., (despite Plaintiff expressly requesting such SPAM text messages stop) Rite Aid *again* sent Plaintiff an unsolicited and impersonal form SPAM text message.  Like the first SPAM text message, this second SPAM text message read:

> "Rite Aid Rx Alerts: to subscribe reply YES.  Max 30mgs/mo. www.riteaid.com/contact_us/ for info. Txt HELP for Help, STOP to stop.  Msg&Data rates may apply."

29. Plaintiff was unaware that Rite Aid would send him the unsolicited SPAM text message described in paragraph 28.

30. Through this conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227(a)(1)(A) and prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

31. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

33. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. On December 11, 2013, at 11:28 A.M., Plaintiff replied to this second SPAM text message as follows: "Stop."

35. Despite informing Defendant to stop sending SPAM text messages, Plaintiff could not get the unsolicited SPAM text messages to stop and again on December 11, 2013, at 11:35 A.M., Rite Aid *again* sent Plaintiff an unsolicited and impersonal form text, which read as follows:

> "You are unsubscribed from RiteAid Prescription alerts.  Visit www.riteaid.com/contact_us to rejoin."

36. Through this conduct, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1)(A) and prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

37. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

39. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

41. Plaintiff represents, and is a member of the Class, consisting of: "all persons within the United States who received a text message substantially similar or identical to the text messages described above in this Complaint from Defendant, which message by Defendant or its agents was not made for emergency purposes, within the four years prior to the filing of this Complaint."

42. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

43. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and impersonal form SPAM text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

44. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

   (a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited text message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

   (b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   (c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

   (d) Whether Plaintiff and the Class are entitled to any other relief.

47. As a person who received at least one unsolicited SPAM text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff and the members of the Class have all suffered irreparable harm. In addition, these violations of law will be allowed to

proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

61. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

64. Any other relief the Court may deem just and proper.

65.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: May 20, 2014                             **HYDE & SWIGART**

                                                By:  /s/ Robert L. Hyde
                                                     Robert L. Hyde
                                                     Attorneys for Plaintiff